UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | | |
|---|---|---|
| RICHARD MCBEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:17-039-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| SERGEANT LOHR, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In 2016, plaintiff Richard McBee filed a pro se civil rights complaint asserting over a dozen claims loosely related to the ongoing criminal prosecution against him and the conditions of his confinement at the Campbell County Detention Center. [R. 1]. The Court conducted an extensive preliminary review of McBee's complaint and determined that he improperly alleged multiple distinct claims against several different defendants in one case. [R. 4]. The Court dismissed a number of McBee's claims and then severed his remaining claims from his complaint and directed the Clerk of the Court to open new civil actions in which those unrelated claims could be resolved. *See id.* This case is one of those new civil actions, and it involves only McBee's excessive force claim against Sergeant Lohr and Southern Health Partners, Inc. [R. 1 at 18-19].

The Court, however, will dismiss this action without prejudice because it is apparent from the face of McBee's complaint that he has not yet fully exhausted his administrative remedies. Indeed, McBee repeatedly indicates on his complaint form and in his attached submissions that he did not exhaust his administrative remedies. [R. 1 at 34-35]. While McBee tries to minimize this fact by saying at one point that he was "technically" unable to exhaust his administrative remedies

[R. 1 at 35], the Sixth Circuit has made it clear that the exhaustion requirement is a strong one and that it is proper for a district court to dismiss the complaint when the plaintiff fails to comply with that requirement. *See Barnett v. Laurel County*, No. 17-5715 (6th Cir. 2017); *Fletcher v. Myers*, No. 12-5630 (6th Cir. 2013); *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).

To be sure, McBee tries to offer a number of reasons for why he did not exhaust his administrative remedies. However, none of those reasons excuse his failure to comply with the exhaustion requirement. For example, when McBee was specifically asked why he did not file a grievance, he said that prison officials would not give him the necessary forms. [R. 1 at 34]. But McBee acknowledges in his complaint that prison officials *did* provide him with a grievance form earlier in the year. [R. 1 at 34, 36]. Even if it is true that those officials did not provide McBee with the 11 copies of the form he requested [R. 1 at 34], the Sixth Circuit has noted that a plaintiff's allegation that prison officials refused to give him grievance forms is not enough to excuse the exhaustion requirement. *See Belser v. James*, No. 16-2578, 2017 WL 5479595, *2 (6th Cir. 2017). Plus, McBee does not allege in any clear way that he tried to file a grievance using another piece of paper; instead, he admits he did not exhaust his administrative remedies and accuses prison officials of, among other things, using "mind games." [R. 1 at 35]. That is not enough to overcome the exhaustion requirement.

McBee also claims the detention center "does not have a coherent grievance policy," and he complains that prison officials do not hold an orientation with inmates to discuss the pertinent grievance procedures. [R. 1 at 35]. However, the Sixth Circuit has rejected similar arguments and said that "a prisoner's 'failure to exhaust cannot be excused by his ignorance of the law or the grievance policy.'" *Barnett v. Laurel County*, No. 17-5715, at 3 (6th Cir. 2017) (quoting *Napier*

*v. Laurel County*, 636 F.3d 218, 221 n.2 (6th Cir. 2011).  Thus, there is no merit to McBee's claims regarding his lack of knowledge of the applicable grievance policies.

Finally, McBee claims that the detention center's grievance procedures are "arbitrary" and "arbitrarily applied."  [R. 1 at 35].  But McBee does not explain these statements in any meaningful way, and he does not allege that he was preventing from pursuing grievances up the chain of command within the prison.  As the Sixth Circuit has recognized, a prisoner is required to exhaust his administrative remedies even if he subjectively believes a remedy is not available and even when he believes the procedures are ineffectual or futile.  *See Barnett*, No. 17-5715, at *3 (citing *Napier*, 636 F.3d at 222).  McBee did not comply with this rule, and he admits it in his complaint and attached submissions.

In the end, the Court makes no statement whatsoever regarding the merits of this action.  Rather, it is simply clear from the face of McBee's complaint that he did not exhaust his administrative remedies, and his various excuses for his failure to do so are unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. McBee's complaint in this action [R. 1 at 18-19] is **DISMISSED WITHOUT PREJUDICE**.

2. This action is **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This  8th  day of January, 2018.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge